# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **AMBER ESKRIDGE** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:07-cv-727 |
| | : | |
| v. | : | |
| | : | Judge Lesley Wells |
| **CHASE HOME FINANCE LLC** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES Defendant Chase Home Finance, LLC ("Defendant") by and through its counsel SCHOTTENSTEIN, ZOX & DUNN, and for its Answer to the Complaint in the within matter state as follows:

1.     Answering Paragraph No. 1 of the Complaint, Defendant admits, upon information and belief, that Plaintiff is a citizen of Cuyahoga County, Ohio, and the United States of America, and that she has initiated this action for breach of contract, breach of fiduciary duty and bad faith, but denies that it has engaged in any unlawful conduct and denies that Plaintiff can establish any of her claims as a matter of law.

2.     Answering Paragraph No. 2 of the Complaint, Defendant admits, upon information and belief, that Plaintiff resides in the State of Ohio and the United States. Further answering, Defendant admits that it employed Plaintiff, but avers that her title was Collector III, not Senior Collector. Defendant lacks knowledge or information sufficient to understand what "at all relevant times" means and denies the same on that basis. Further answering, Defendant admits that Plaintiff sought short-term disability benefits, but denies that she did so under "Chase's Sickness and Accident Leave Policy," and avers that she did so under JPMorgan

Chase's Disability Leave Policy.  Further answering, Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

3.    Answering Paragraph No. 3 of the Complaint, Defendant admits that it employed Plaintiff, but lacks knowledge or information sufficient to understand what "at all relevant times" means and denies the same on that basis.  Further answering, Defendant denies that it is a corporation and avers that it is a limited liability company.  Defendant also lacks knowledge or information sufficient to understand what "provided" means and denies the same on that basis. Defendant admits that long-term disability benefits are available to its eligible employees, but denies that it makes any decision with the regard to the award or denial of such benefits and avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

4.    Answering Paragraph No. 4 of the Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 3 as if fully rewritten herein.

5.    Answering Paragraph No. 5 of the Complaint, Defendant denies the allegations contained therein.  Further answering, Defendant avers that Plaintiff applied for and was granted short-term disability benefits through January 30, 2006, at which time her short-term disability benefits were terminated because Plaintiff was not in active treatment.

6.    Answering Paragraph No. 6 of the Complaint, Defendant admits that Plaintiff timely appealed the denial of her short-term disability benefits and avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

7.    Answering Paragraph No. 7 of the Complaint, Defendant admits the allegations contained therein with regard to Plaintiff's short-term disability benefits and avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

8.    Answering Paragraph No. 8 of the Complaint, Defendant denies the allegations

contained therein and avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

9.      Answering Paragraph No. 9 of the Complaint, Defendant denies that it makes any determination regarding the award or denial of long-term disability benefits and denies each and every other allegation contained therein.  Further answering, Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

10.     Answering Paragraph No. 10 of the Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 9 as if fully rewritten herein.

11.     Answering Paragraph No. 11 of the Complaint, Defendant denies the allegations contained therein.

12.     Answering Paragraph No. 12 of the Complaint, Defendant denies the allegations contained therein.

13.     Answering Paragraph No. 13 of the Complaint, Defendant denies that it had a contract with Plaintiff, denies that it breached any contract with Plaintiff, denies that it makes any decision with regard to the award or denial of long-term disability benefits, and denies each and every other allegation contained therein.  Further answering, Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

14.     Answering Paragraph No. 14 of the Complaint, Defendant denies that it had a contract with Plaintiff, denies that it breached any contract with Plaintiff, denies that it makes any decision with regard to the award or denial of long-term disability benefits, and denies each and every other allegation contained therein.  Further answering, Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

15.     Answering Paragraph No. 15 of the Complaint, Defendant denies that it breached

any contract with Plaintiff and denies each and every other allegation contained therein.

16.     Answering Paragraph No. 16 of the Complaint, Defendant denies that it has engaged in any wrongful acts or conduct and denies each and every other allegation contained therein.

17.     Answering Paragraph No. 17 of the Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 16 as if fully rewritten herein.

18.     Answering Paragraph No. 18 of the Complaint, Defendant denies that it is the administrator of the long-term disability plan available to its eligible employees, and denies each and every other allegation contained therein.

19.     Answering Paragraph No. 19 of the Complaint, Defendant denies that it acted as a fiduciary to Plaintiff and denies each and every other allegation contained therein.

20.     Answering Paragraph No. 20 of the Complaint, Defendant denies that it had a fiduciary duty to Plaintiff, denies that it breached any such duty, denies that it had a contract with Plaintiff, and denies each and every other allegation contained therein.

21.     Answering Paragraph No. 21 of the Complaint, Defendant denies that it had a contract with Plaintiff or that it breached any contract with Plaintiff and denies each and every other allegation contained therein.

22.     Answering Paragraph No. 22 of the Complaint, Defendant denies that it has engaged in any wrongful acts or conduct and denies each and every other allegation contained therein.

23.     Answering Paragraph No. 23 of the Complaint, Defendant incorporates its responses to Paragraph Nos. 1 through 22 as if fully rewritten herein.

24.     Answering Paragraph No. 24 of the Complaint, Defendant denies the allegations

contained therein. Further answering, Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.

25. Answering Paragraph No. 25 of the Complaint, Defendant denies the allegations contained therein.

26. Answering Paragraph No. 26 of the Complaint, Defendant denies that it had any contractual duties to Plaintiff and denies each and every other allegation contained therein.

27. Answering Paragraph No. 27 of the Complaint, Defendant denies that it engaged in any bad faith and denies each and every other allegation contained therein.

28. Answering Paragraph No. 28 of the Complaint, Defendant denies that it has engaged in any wrongful acts or conduct and denies each and every other allegation contained therein.

29. In response to the "WHEREFORE" Clause, including subparagraphs (A) through (F), Defendant denies that Plaintiff is entitled to the relief sought or to any other relief.

30. Defendant denies all allegations in the Complaint not specifically admitted herein as true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

31. Defendant avers that the Complaint, and each and every claim therein, fails to state a claim upon which relief can be granted or upon which damages sought can be awarded.

### SECOND DEFENSE

32. Defendant avers that Plaintiff has failed to satisfy the necessary predicates to receive short-term disability benefits under JPMorgan Chase's Disability Leave Policy and,

therefore, judgment should be entered in favor of Defendant.

### THIRD DEFENSE

33.     Defendant avers, upon information and belief, that Plaintiff never applied for long-term disability benefits.  Hence, she has not exhausted her administrative remedies.

### FOURTH DEFENSE

34.     Defendant avers that it has complied with and performed all of its promises, obligations, and duties, if any, to Plaintiff.

### FIFTH DEFENSE

35.     Defendant avers that its actions were not arbitrary or capricious and that it acted, at all times, in good faith when dealing with Plaintiff.

### SIXTH DEFENSE

36.     Defendant avers that its actions were in accordance with the terms of the JPMorgan Chase Disability Leave Policy.

### SEVENTH DEFENSE

37.     Defendant avers that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, latches, and/or unclean hands.

### EIGHTH DEFENSE

38.     Defendant avers that Plaintiff's claims are barred, in whole or in part, because Defendant did not have a contract with Plaintiff.

### NINTH DEFENSE

39.     Defendant avers that it did not breach any agreement with Plaintiff in connection with the administration of the JPMorgan Chase Disability Leave Policy.

## TENTH DEFENSE

40.    Defendant avers that Plaintiff's claims are barred, in whole or in part, because it had no fiduciary obligations to Plaintiff.

## ELEVENTH DEFENSE

41.    Defendant avers that Plaintiff's claims are barred, in while or in part, because she has failed to act reasonably to mitigate the damages which have been alleged in this action.

## TWELFTH DEFENSE

42.    Defendant avers that Plaintiff's Complaint, in whole or in part, is barred by her failure to join necessary and indispensable parties to this action.

## THIRTEENTH DEFENSE

43.    Defendant hereby reserves the right to assert any additional affirmative or other defenses which may become applicable during the court of discovery in this matter.

WHEREFORE, having answered, Defendant Chase Home Finance LLC prays that Plaintiff's Complaint be dismissed, with prejudice and in its entirety; that judgment be entered against Plaintiff in the favor of Defendant for all costs and attorney's fees incurred in defending this action; and that Defendant be granted such other further relief as the Court may deem just and proper.

Respectfully submitted,
SCHOTTENSTEIN, ZOX & DUNN

/s/ Angelique Paul Newcomb
Angelique Paul Newcomb (0068094)
250 West Street
Columbus, Ohio 43215-2538
(614) 462-2257 (telephone)
(614) 462-5135 (facsimile)
E-mail:  ANewcomb@szd.com
Trial Attorney for Defendant

{H0879075 1 }

OF COUNSEL:
Jay E. Krasovec (0069787)
SCHOTTENSTEIN, ZOX & DUNN, L.P.A.
US Bank Centre
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
(216) 394-5074 (telephone)
(216) 621-6502 (facsimile)
E-mail:  JKrasovec@szd.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a copy of the foregoing Defendant's

Notice of Removal was served via the Court's electronic notification system upon the following:

Andrew L. Margolius, Esq., Emily E. Warren, Esq., Margolius, Margolius, & Associates, 55

Public Square, Suite 1100, Cleveland, OH  44113, *Attorneys for Plaintiff Amber Eskridge.*

/s/ Angelique Paul Newcomb
Angelique Paul Newcomb